```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


TYRONE CAUSEY                                        CIVIL ACTION


V.                                                   NO. 16-9660


STATE FARM                                           SECTION F
```

ORDER AND REASONS

Before the Court is the plaintiff's Rule 12 motion to dismiss and motion to remand. For the reasons that follow, the motion is DENIED.

**Background**

This lawsuit arises out of a car accident that allegedly occurred on May 15, 2014. State Farm insured Mr. Causey with uninsured/underinsured motorist coverage in the amount of $1,000,000 and medical payment coverage in the amount of $100,000.

On March 1, 2016, Tyrone Causey sued State Farm Mutual Automobile Company and two of its employees, Bill Mills and Dennis Kennedy, in state court, seeking extra-contractual damages for penalties and attorney's fees under La.R.S. 22:1892 and 22:1973 for State Farm's alleged failure to make timely tenders under

1

uninsured motorist coverage and medical payments coverage as a result of a car accident. On June 10, 2016, State Farm removed the case to this Court, invoking this Court's diversity jurisdiction. Messrs. Mills and Kennedy have not been served. Along with its answer, on July 22, 2016, State Farm also advances a counterclaim in which it seeks a declaration that the plaintiff is not entitled to any additional payments under the State Farm policy as a result of the May 15, 2014 car accident. The plaintiff now moves to remand the case to state court and also requests that the Court dismiss State Farm's counterclaim.

I.

A.

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Remand is proper if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Given the significant federalism concerns implicated by removal, the removal statute is strictly construed "and any doubt about the propriety of removal must be resolved in favor of remand." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008)(citation omitted); Gasch v. Hartford

Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007)(citations omitted).

B.

Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case—that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). Suits not brought under federal law "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd., 818 F.3d 193, 199 (5th Cir. 2016)("when a properly joined defendant is a resident of the same state as the plaintiff, removal is improper."). For a defendant to invoke the Court's removal jurisdiction based on diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied," including that the citizenship of every plaintiff is diverse from the citizenship of every defendant, and

3

the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332; Smallwood v. Ill. Cent. R.R. Co., Inc., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).

*C.*

"The fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity." Smallwood v. Ill. Cent. R.R. Co., 352 F.3d 220, 222 (5th Cir. 2003).  "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." Smallwood, 385 F.3d at 574.  "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." Id. at 573.  The removing defendant may show improper joinder in one of two ways:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id.

In determining whether a party was improperly joined, all contested factual issues and state law ambiguities are resolved in favor of the plaintiff.  Gasch, 491 F.3d at 281.  "A defendant is improperly joined if the moving party establishes that (1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not*

4

stated a claim against a defendant that he properly alleges is nondiverse." Int'l Energy Ventures Mgmt., LLC, 818 F.3d at 199 (emphasis in original).

State Farm submits that both Mills and Kennedy were improperly joined. To establish subject matter jurisdiction in this Court, the defendant has the burden of establishing that Causey has failed to state a claim against Mills and Kennedy. See id. at 207-08 ("because Smallwood requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis."). In doing so, State Farm must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. at 199-200 (citing Smallwood, 385 F.3d at 573). The Court underscores that the possibility of recovery must be "reasonable," not merely theoretical. Smallwood, 385 F.3d at 573; Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)("If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.")(internal quotation marks omitted).

5

II.

State Farm submits that the plaintiff has no plausible claim upon which relief may be granted under Louisiana law because La.R.S. 22:1892 and 22:1973 simply do not create a cause of action or remedy by an insured against an insurance adjuster or individual employee of the insurer and state law does not impose liability on these individuals because the plaintiff has not alleged sufficient facts to suggest that Mills or Kennedy committed fraud or made a fraudulent misrepresentation.  The Court agrees.

La.R.S. 22:1892 and 22:1973, penal statutes that must be strictly construed, generally allow a claim by an insured against an insurer for arbitrarily failing to pay the claims of the insured 30 days after receipt of the satisfactory proof of loss.  <u>Hart v. Allstate Ins. Co.,</u> 437 So.2d 823, 827 (La. 1983).  As a general rule, no cause of action lies against an insurance adjuster for processing or handling an insurance claim.  <u>Edwards v. Allstate Property and Cas. Co.</u>, No. 04-2434, 2005 WL 221560, at *3 (E.D. La. Jan. 27, 2005).  More to the point, courts uniformly deny motions to remand after determining that adjusters were improperly joined.  <u>See</u>, <u>e.g.</u>, <u>Bubrig v. State Farm Fire and Cas. Co.</u>, No. 06-8480, 2007 WL 675333 (E.D. La. Feb. 28, 2007); Menendez v. State Farm Fire and Cas. Co., No. 06-7681, 2007 WL 519875 (E.D. La. Feb.

>)

14, 2007). Here, Causey merely alleges that Mills and Kennedy were supervisors who evaluated his claims and "failed to act appropriately." He has failed to plead "enough facts to state a claim to relief that is plausible on its face" as against Mills and Kennedy. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).[1] Accordingly, the Court must disregard the Louisiana domicile of Kennedy.[2] In so doing, there can be no dispute that this Court has diversity jurisdiction.[3]

---

[1] Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

[2] It is suggested that Mills is not a citizen of Louisiana.
[3] There is no dispute that the amount in controversy requirement is met and that there is complete diversity of citizenship between the plaintiff and State Farm.

III.

The plaintiff seeks to dismiss State Farm's counterclaim, presumably under Rule 12(b)(6). State Farm counters that it filed its counterclaim in accordance with Rule 13(a) regarding compulsory counterclaims. Because its counterclaim arises out of the same transaction or occurrence that is the subject of the plaintiff's claim and otherwise satisfies Rule 8, State Farm contends that dismissal is not appropriate. The Court agrees.

Applying the Rule 12(b)(6) standard outlined in connection with the improper joinder analysis, the Court finds that State Farm adequately states a claim for which relief may be granted. State Farm's counterclaim -- in which State Farm disputes that the plaintiff is entitled to any additional UM or medical payments coverage as a result of the May 15, 2014 accident in which there was only minor contact between the plaintiff's vehicle and that of the tortfeasor -- contains sufficient facts, which accepted as true, state a claim for relief that is plausible on its face.

IV.

Finally, insofar as the plaintiff requests Rule 11 sanctions, the request is DENIED. Even if the plaintiff had complied with the Rule 11 prerequisites for requesting sanctions, the request is

frivolous.  The plaintiff fails even to suggest what conduct warrants sanctions.

        New Orleans, Louisiana, October 19, 2016

                        */s/ Martin L.C. Feldman*

                        MARTIN L.C. FELDMAN
                        U.S. DISTRICT JUDGE