# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYRONE CAUSEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-9660** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.** | **SECTION I** |

## ORDER & REASONS

Defendant State Farm Mutual Automobile Insurance Co. ("State Farm") moves to exclude certain testimony of Dr. Daniel Trahant ("Trahant"), a treating physician of plaintiff Tyrone Causey ("Causey"). Specifically, State Farm challenges the admissibility of Dr. Trahant's conclusions regarding Causey's alleged sensitivity to light, concussions, and the possibility of an increased chance of developing dementia later in life. State Farm contends that Causey has failed to comply with expert disclosure requirements and that Dr. Trahant's opinions with respect to the aforementioned topics are unreliable. Because Causey has failed to provide required expert disclosures, State Farm's motion is granted.[1]

## I.

Disclosure of expert testimony is governed by Federal Rule of Civil Procedure 26. Pursuant to Rule 26(a)(2)(B), retained experts must provide comprehensive expert reports. Meanwhile, non-retained experts, such as treating physicians, are typically "subject to a separate, less stringent disclosure regime than their retained

---

[1] Given the manner in which the Court disposes of the instant motion, it need not address the reliability of Dr. Trahant's proposed testimony.

counterparts." *Sheppard v. Liberty Mutual Ins. Co.*, No. 16-2401, 2017 WL 467092, at *1 (E.D. La. Feb. 2, 2017) (Vance, J.). Under Rule 26(a)(2)(C), the party propounding the testimony of a non-retained expert must provide a disclosure that states "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

The Advisory Notes to Rule 26 expressly anticipate that treating physicians may be called as non-retained experts and allowed to testify without providing a written report of the type described in Rule 26(a)(2)(B). Hence, treating physicians "fall under the [] limited disclosure requirement" of Rule 26(a)(2)(C). *Id.*

Failure to comply with the deadline for disclosure requirements may very well result in mandatory and automatic exclusion under Rule 37(c)(1). The propounding party "is not allowed to use 'that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.'" *Rea v. Wisconsin Coach Lines, Inc.*, No. 12-152, 2014 WL 4981803, at *3 (E.D. La. Oct. 3, 2014) (Duval, J.) (quoting Fed. R. Civ. P. 37(c)(1)).

In assessing whether a disclosure violation is substantially justified or harmless, courts evaluate four factors: "(1) the explanation for the party's failure to disclose; (2) the potential prejudice to the opposing party if the evidence is allowed; (3) the availability of a continuance to cure such prejudice; and (4) the importance of the evidence." *Red Dot Bldgs. v. Jacobs Tech., Inc.*, No. 11-1142, 2012 WL 2061904, at * 4 (E.D. La. June 7, 2012) (Barbier, J.); *see also* Fed. R. Civ. P. 16(f), 37(c)(1).

## II.

State Farm asserts that Causey has not produced any Rule 26(a)(2)(C) disclosures with respect to Dr. Trahant's testimony. Causey does not dispute this.[2] Consequently, Dr. Trahant's testimony is subject to mandatory and automatic exclusion, unless Causey can show that his failure to comply with the expert disclosure deadline is substantially justified or harmless. Causey makes no such showing.

First, Causey has offered absolutely no explanation for his failure to make the required disclosures. This case was removed to this Court nearly two years ago and assigned to a different court section. Trial was initially set for April 17, 2017[3] and later reset for August 7, 2017.[4] On July 10, 2017, the case was dismissed without prejudice, after the parties reached a putative settlement.[5] Unable to consummate its compromise with Causey, State Farm filed a motion to enforce settlement.[6] Soon after, the case was transferred to this section, following the recusal of the presiding judge.[7] Adopting the report and recommendation of the United States Magistrate Judge, the undersigned denied the motion to enforce settlement and reopened the case.[8] A new trial date was then set for July 9, 2018.[9]

---

[2] *See* R. Doc. No. 111.
[3] R. Doc. No. 11.
[4] R. Doc. No. 38.
[5] R. Doc. No. 65.
[6] R. Doc. No. 69.
[7] R. Doc. No. 75.
[8] R. Doc. No. 97.
[9] R. Doc. No. 99.

Under Rule 26(a)(2)(D)(i), expert disclosures are to be made at least 90 days before the date set for trial or for the case to be ready for trial. Hence, the disclosures required in regard to Dr. Trahant would have been due by January 17, 2017 with respect to the first trial date or by May 7, 2017 with respect to the second trial date. As for the third trial date, the most recent scheduling order explicitly states that any expert disclosures required by Rule 26(a)(2)(C) were to be provided to State Farm by Causey no later than March 15, 2018. To date, Causey has not provided any such disclosures.[10] Thus, despite having three separate bites at the evidentiary apple, Causey has made no apparent effort to comply with the rather basic demands of Rule 26(a)(2)(C).

Further, Causey has not stated any reason for his continued, flagrant violation of the rule. Notably, State Farm raised Causey's failure to comply with the rule in a virtually identical motion *in limine* that it filed on June 13, 2017 prior to the second anticipated trial date.[11] Neither Causey's attorney at the time nor his present counsel appear to have attempted to provide the information required by the rule or to explain why such disclosure has not been forthcoming. The first factor, therefore, weighs in favor of excluding Dr. Trahant's challenged testimony.

Second, Dr. Trahant's proffered testimony as to light sensitivity, concussions, and increased risk of dementia would undoubtedly prejudice State Farm. Again, State Farm has not received a statement of the particular subject matter on which

---

[10] In a telephone call with the Court, counsel for State Farm confirmed that Causey had not provided any Rule 26(a)(2)(C) disclosures as of May 9, 2018.
[11] R. Doc. No. 59, at 7.

4

Dr. Trahant is expected to opine or a summary of the facts and opinions to which Dr. Trahant will testify.

Causey has provided State Farm with Dr. Trahant's notes from various "neurological reevaluation" appointments. But "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)." *Hooks v. Nationwide Housing Sys., LLC*, No. 15-729, 2016 WL 3667134, at *5 (E.D. La. July 11, 2016) (Barbier, J.); *see also Williams v. State*, No. 14-154, 2015 WL 5438596, at *3–4 (M.D. La. Sept. 14, 2015) (Jackson, J.).

The purpose of Rule 26(a)(2)(C) is to provide opposing parties the opportunity to prepare for effective cross-examination and to arrange for testimony from other experts, if necessary. *See Cooper v. Meritor, Inc.*, No. 16-56, 2018 WL 1513006, at *3 (N.D. Miss. Mar. 27, 2018) (Virden, M.J.). The disclosures required by the rule need not be extensive. However, "while courts 'must take care against requiring undue detail' in [the] disclosures 'summary,' disclosure should at the very least [be] an 'abstract, abridgement, or compendium' of the opinion *and* facts supporting the opinion." *Rea*, 2014 WL 4981803, at *5 (emphasis in original). In other words, the rule does not require overly comprehensive disclosure, but it does require disclosure in at least *some* form. Here, Causey has offered no summary disclosure whatsoever, and prejudice to State Farm would result from his failure were Dr. Trahant allowed to testify to his alleged light sensitivity, concussions, and increased risk of dementia. Thus, the second factor also weighs in favor of excluding Dr. Trahant's challenged testimony.

Third, a continuance in this matter is not likely to cure any prejudice that would result to State Farm. This lawsuit originally was filed nearly two years ago. Since its removal, it has been continued twice—once at the discretion of the previous presiding judge and again by nature of the transfer to this section and the reopening of the case following failed settlement negotiations. Dr. Trahant has been listed as a witness for Causey since May 11, 2017,[12] and State Farm first raised the lack of disclosure under Rule 26(a)(2)(C) on June 13, 2017.[13] Yet nothing has been done to cure Causey's disclosure deficiency. Accordingly, the Court has no reason to believe that a continuance at this late point in the litigation would somehow motivate Causey to come into compliance with the rule. Additionally, Causey has not requested a continuance.[14] The third factor weighs in favor of excluding Dr. Trahant's challenged testimony.

Finally, the Court questions the importance of Dr. Trahant's challenged testimony to Causey's case. Causey himself will be permitted to share his experience with light sensitivity, an entirely subjective condition that can be easily understood by the jury without the assistance of Dr. Trahant's medical expert testimony. Further, Causey admits that Dr. Trahant's opinions are based, at least in part, on

---

[12] R. Doc. No. 50.
[13] R. Doc. No. 59.
[14] Indeed, Causey has not responded to State Farm's arguments regarding Rule 26(a)(2)(C) at all. These arguments were first raised by State Farm when it initially urged a similar motion *in limine* before the previous presiding judge. Causey's counsel at the time did not address the arguments then. Likewise, Causey's current counsel has failed to engage with State Farm's argument. In fact, it appears to the Court that he simply lifted the bulk of his response to the instant motion from the brief filed by Causey's prior counsel.

testing done by Dr. Susan Andrews, a neuropsychologist who Causey has listed as a witness for trial. As Causey notes, State Farm has not challenged Dr. Andrews' testimony, and she will be able to testify to her findings concerning Causey's conditions. Nevertheless, the Court is aware that, as one of Causey's treating physicians, Dr. Trahant would offer testimony to support Causey's case. The fourth factor, if not neutral, weighs only slightly in favor of allowing Dr. Trahant's challenged testimony.

### III.

Ultimately, after balancing all relevant factors, the Court concludes that Causey has failed to substantially justify his failure to comply with Rule 26(a)(2)(C), and he has not shown his failure to be harmless.

Accordingly,

**IT IS ORDERED** that State Farm's motion *in limine* is **GRANTED**. Should Dr. Trahant be called to testify at trial, he will be prohibited from testifying as to diagnosis or causation with respect to Causey's alleged sensitivity to light, concussions, and any increased risk of dementia Causey may have as a result of the accident at issue in the case.[15] Dr. Trahant will, of course, not be prohibited from offering lay testimony in these regards.

---

[15] *See Sheppard*, 2017 WL 467092, at *2 ("[T]reating physicians who did not provide either a report or disclosure under Rule 26 are limited to lay testimony, and may not testify regarding the diagnosis or causation of Sheppard's alleged illnesses."); *see also Rea*, 2014 WL 1981803, at *2 ("[T]estimony as to causation or as to future medical treatment has been considered the province of expert testimony subject to the requirements of [Rule 26](a)(2)(B).").

7

New Orleans, Louisiana, May 16, 2018.

                                        **LANCE M. AFRICK**
                                      **UNITED STATES DISTRICT JUDGE**