# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYRONE CAUSEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-9660** |
| **STATE FARM** | **SECTION I** |

## ORDER & REASONS

On March 1, 2016, plaintiff Tyrone Causey ("Causey") sued State Farm Mutual Automobile Insurance Company ("State Farm"), his uninsured motorist and medical payments coverage carrier, for damages allegedly suffered in an automobile accident, statutory penalties for alleged bad faith adjusting of his claim, and attorneys' fees.[1] Causey filed his original lawsuit in the Civil District Court for the Parish of Orleans, and State Farm timely removed the case to this Court.[2]

Throughout the pendency of the litigation, Causey has retained a number of attorneys.[3] As relevant here, Causey was represented by Ron A. Austin ("Austin") of Ron Austin & Associates ("Austin & Associates") from February 8, 2017 to October 5, 2017.[4] During that time, the case was dismissed without prejudice, after the parties reached a putative settlement.[5] State Farm, however, was ultimately unable to consummate its compromise with Causey and, therefore, filed a motion to enforce the settlement.[6]

---

[1] *See* R. Doc. No. 1-2.
[2] *Id.*; R. Doc. No. 1.
[3] *See* R. Doc. No. 18; R. Doc. No. 26; R. Doc. No. 27; R. Doc. No. 36.; R. Doc. No. 87.
[4] R. Doc. No. 36; R. Doc. No. 77.
[5] R. Doc. No. 65.
[6] R. Doc. No. 69.

Austin and his firm subsequently withdrew from their representation of Causey, and Kearney Loughlin ("Loughlin") enrolled on his behalf.[7] On October 3, 2017, the case was transferred to this section of the Court, following the recusal of the previous presiding judge.[8]

The undersigned adopted the report and recommendation of the United States Magistrate Judge, denied the motion to enforce the settlement, and reopened the case.[9] Soon after, Austin and Austin & Associates intervened under Federal Rule of Civil Procedure 24, seeking attorneys' fees and costs associated with their prior representation of Causey.[10]

On June 7, 2018, the parties filed a joint motion to dismiss all claims against State Farm. That motion indicated that Causey, Austin, and Austin & Associates settled all claims asserted against State Farm for the sum total of $158,600.00. Of that amount, $96,897.85 was to be paid to Causey immediately and $61,702.15 was to be deposited into the registry of the Court, the latter amount representing the disputed amount of attorneys' fees and costs allegedly owed to Austin, Austin & Associates, and Loughlin. On June 11, 2018, the Court dismissed all claims against State Farm with prejudice and ordered State Farm to deposit the $61,702.15 into the registry of the Court.[11]

---

[7] R. Doc. No. 77; R. Doc. No. 87.
[8] R. Doc. No. 75.
[9] R. Doc. No. 97.
[10] R. Doc. No. 104.
[11] R. Doc. No. 121; R. Doc. No. 122.

2

All claims against State Farm having been dismissed, the only remaining matter before the Court is the intervention filed by Austin and Austin & Associates. For the reasons set forth below, the Court remands the intervention.

I.

The Court's original jurisdiction over the underlying claims in this case was founded solely on diversity under 28 U.S.C. § 1332,[12] which vests the district courts with original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interests and costs. In addition to this grant of original jurisdiction, Congress has permitted the district courts to exercise supplemental jurisdiction in certain instances. As relevant here, 28 U.S.C. § 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by [f]ederal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The Supreme Court has recognized that § 1367(a) "is a broad grant of supplemental jurisdiction" that may "extend[] to claims involving joinder or intervention of additional parties." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545

---

[12] *See* R. Doc. No. 1; R. Doc. No. 25 (disregarding Louisiana domicile of defendant determined to be improperly joined and noting that "there can be no dispute that this Court has diversity jurisdiction").

3

U.S. 546, 547 (2005). However, the fact that a claim or intervention satisfies § 1367(a) "does not end the inquiry." *Griffin v. Lee*, 621 F.3d 380, 385 (5th Cir. 2010). This is because the statute "instructs [courts] to examine § 1367(b) to determine if any of its exceptions [to the assertion of supplemental jurisdiction] apply." *Id.* (quoting *Exxon Mobil*, 545 U.S. at 559–60). Section 1367(b) states:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 [], the district courts shall not have supplemental jurisdiction under subsection (a) . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

## II.

The Court concludes that, even if it preferred to retain supplemental jurisdiction, it would nevertheless be required to remand the intervenors' claims for lack of subject matter jurisdiction, pursuant to § 1367(b).

When they filed their claims in this action, Austin and Austin & Associates sought to intervene as plaintiffs under Rule 24.[13] *See Griffin*, 621 F.3d at 388 ("Based on the nature of Lee's claim, we are of the opinion that it is more appropriate to align him as a plaintiff with a claim against co-Plaintiff Griffin as to the amount of attorney's fees owed, and with a direct claim against [the defendant] Trustee for a lien on the Trust."); *see also Samuels v. Twin City*, 602 Fed. App'x 209, 210 (5th Cir. 2015) ("[A]s an attorney who had previously represented the plaintiff, his claim for

---

[13] R. Doc. No. 102.

4

attorney's fees aligned him as a plaintiff . . . intervening under Rule 24.") (discussing *Griffin*, 621 F.3d at 388). Thus, the Court may not exercise supplemental jurisdiction over the intervenors' claims if doing so would be inconsistent with the jurisdictional requirements of § 1332. 28 U.S.C. § 1367(b). In other words, Austin and Austin & Associates are "obligated to meet the requirements for diversity jurisdiction" before the Court may properly consider their intervention. *Samuels*, 602 Fed. App'x at 210 ("As in *Griffin* . . . Murphy is aligned with the plaintiff and, thus, is seeking to intervene as a plaintiff under Rule 24. Thus, Murphy must meet both of § 1332(a)'s requirements.") (alterations and internal quotations omitted). Austin and Austin & Associates do not meet this obligation.

The intervenors appear to be completely diverse from State Farm.[14] However, the amount in controversy required for purposes of diversity jurisdiction is not met. As previously stated, the entire amount of disputed attorneys' fees and costs at issue totals $61,702.15. Thus, it is "legally certain that [Austin and Austin & Associate's] intervention does not meet the jurisdictional amount-in-controversy requirement." Section 1367(b), therefore, dictates that the intervention be remanded, as the Court is without jurisdiction to entertain it. *See Griffin* 621 F.3d at 386; *Samuels*, 602 Fed. App'x at 210–11.

---

[14] Austin and Austin & Associates are presumably citizens of Louisiana, while State Farm is a citizen of Illinois.

Accordingly,

**IT IS ORDERED** that the claims in intervention asserted by Austin and Austin & Associates are **REMANDED** to the Civil District Court for the Parish of Orleans for lack of jurisdiction.

New Orleans, Louisiana, June 14, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**